UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** <u>CV 15-00256 SJO (JEMx)</u>         **DATE:** <u>February 3, 2015</u>

**TITLE:**   <u>Colfin AI-CA 5 LLC v. Nichole Goines et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**        **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR LOS ANGELES COUNTY; DENYING DEFENDANT NICHOLE GOINES' REQUEST TO PROCEED IN *FORMA PAUPERIS* AS MOOT** [Docket No. 4]

This matter is before the Court on its own motion. On December 9, 2014, Plaintiff Colfin AI-CA 5 LLC ("Plaintiff") initiated an unlawful detainer action in the Superior Court of California for Los Angeles County against Defendants Nichole Goines ("Goines") and Mingo Woods (collectively, "Defendants"). (*See generally* Notice of Removal ("Notice"), Ex. 1 ("Compl."), ECF No. 1.) In the Complaint, Plaintiff alleges that Defendants have failed to pay rent and remain in unlawful possession of the property located at 242 E. 74th Street, Los Angeles, CA 90003 (the "Property") after being served with a 3-day notice to pay rent or quit on November 20, 2014, and November 24, 2014.[1] (Compl. ¶¶ 3, 7-8.) On January 13, 2015, Goines removed the action to this Court. (*See generally* Notice.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations and internal quotation marks omitted). Under the removal statute, an action is removable to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a).

---

[1] Plaintiff alleges that on November 20, 2014, it served Defendants with the 3-day notice by (1) posting it on the premises and (2) mailing a copy to Defendants. (Compl. ¶ 8.) Additionally, Plaintiff alleges that it served Defendants with the notice on November 24, 2014. (Compl. ¶ 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

JS-6

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 15-00256 SJO (JEMx)     DATE: February 3, 2015

In the Notice, Goines argues that the Court has federal question jurisdiction.[2] (Notice ¶¶ 7, 17.) Federal question jurisdiction exists when a plaintiff asserts a claim or right "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citation and internal quotation marks omitted). A defendant may not remove a case to federal court on the basis of a federal counterclaim or a federal defense to a state law claim. *See, e.g., Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009); *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). Because the well-pleaded complaint rule makes a plaintiff the "master of the claim," he may avoid federal jurisdiction by pleading exclusively state law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's Complaint asserts only one state law cause of action for unlawful detainer. (*See generally* Compl.) In the Notice, Goines alleges that under the federal Protecting Tenants at Foreclosure Act of 2009 (the "Act"), 12 U.S.C. §§ 5201, *et seq.*, Plaintiff was required to give Defendants notice of not less than 90 days before instructing them to vacate the Property. (*See, e.g.,* Notice ¶¶ 8-9, 13, 16, 19.) On this basis, Goines argues that Plaintiff's Complaint gives rise to the federal question of whether Defendants are entitled to protection under the Act. (Notice ¶¶ 7, 17-18.) Thus, Defendants apparently seek to assert Plaintiff's alleged failure to comply with the Act as a defense to Plaintiff's unlawful detainer action. However, a federal defense does not convert a state-law claim into a federal one. *See Williams*, 482 U.S. at 392. Further, it is Plaintiff's Complaint, not Defendant's Notice of Removal, that must contain claims that "depend[] on resolution of a substantial question of federal law" for federal jurisdiction to arise. *Empire Healthchoice,* 547 U.S. at 690. For these reasons, the Court finds that Defendants have failed to meet their burden of raising a federal question.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. Because the matter is hereby remanded, the Court **DENIES** Goines' Request to Proceed in *Forma Pauperis* **as moot**. This action shall close.

IT IS SO ORDERED.

---

[2] Although the Notice contains a heading entitled "28 USC § 1332 – Diversity of citizenship," (Notice 3), Goines' arguments only address federal question jurisdiction. (*See generally* Notice.)